No. 755

First Circuit

——

FINANCE SECURITY CO., INC., v. REID

——

(March 3, 1931. Opinion and Decree.)

——

Bascom D. Talley, of Bogalusa, attorney for plaintiff, appellee.

M. I. Varnado, of Bogalusa, attorney for defendant, appellant.

MOUTON, J. Plaintiff company sold an auto to defendant, took another car in exchange valued at $200, and for the balance defendant executed his promissory note for $460, $60 of which was for insurance taken on the car in favor of plaintiff, and for interest. The note given by defendant is dated March 9, 1929, and the insurance policy was issued for one year from that date.

The car was accidentally destroyed by fire on the 7th of May, 1930, after the terms of the policy had expired. At that time defendant had paid $274.45 on the note, which left a balance thereon of $185.55, for which this suit is brought. As the auto was burned after the policy had expired, defendant's car was not covered by the insurance. His defense is, substantially, that under his agreement with plaintiff, its vendor, the latter was to keep the auto insured for an amount sufficient to cover the unpaid balance of the purchase price, and, if not paid in one year, plaintiff company would make arrangements to carry the insurance on the balance due. Defendant pleads that plaintiff failed to carry insurance to cover the unpaid balance on the car as it was agreed, and that, as it was not insured when destroyed, it was due to the fault and negligence of plaintiff, for which defendant is not responsible, and that he is not liable on the note.

Plaintiff, under the provisions of article 2232, Civ. Code, carried the burden of proof to show the execution of the obligation upon which he sues. He has discharged that burden. "On the other hand," says that article, "he who contends that he is exonerated, must prove the payment or the fact that has produced the extinction of the obligation."

Obviously, there was no payment of the note, as the insurance was not, and could not be, collected. The contention of defendant is that the obligation on its part was extinguished because plaintiff, in violation of its agreement, failed to keep the policy alive on the unpaid balance of the note which represented the purchase price of the auto. The burden of proof was therefore upon defendant to establish the extinction of his obligation.

The officers of plaintiff company testify that defendant was to pay $10 per week on the $460, the amount of his note. They claim that the policy was made for one year, under the expectation that, if defendant made these weekly payments, amounting to $40 per month, the note would be paid in about eleven months, and therefore prior to the expiration of the insurance policy. They say the policy was taken out for the mutual protection of the plaintiff company and defendant, which seems to us to have been a reasonable arrangement in the interest of all parties concerned. The premium for the policy was, however, embodied in the note, and was to be paid by defendant.

The defendant contends that the payments on the note were to be $5 per week, and not $10, claimed by plaintiff. Under such an arrangement, the installments would have been extended far beyond the term of one year, the period for which the policy had been issued. It is not reasonable to believe that plaintiff company would have entered into such an agreement.

It is shown that defendant signed a document, dated March 9, 1929, the day the note was executed, authorizing the

Great Southern Lumber Company to make a weekly deduction of $10 from his wages to be applied to the payment of this note. This fact clearly indicates that plaintiff company wanted to secure the full payment of the note before the expiration of the policy.

The manager of plaintiff company and its president testified that the policy in question was taken for one year, and that all their contracts expire in twelve months. No doubt, many contracts of the same character, as the one under investigation, have been entered into by plaintiff company, and we cannot believe that these officers would have risked the making of the general statement, above referred to, if not true. They explain that, if a car is not paid in one year, it is "repossessed" by the company, except when the purchaser who is unable to pay within the year wants it "refinanced," and pays a carrying charge and insurance for an extension or renewal of the policy. Such must be the course followed by the company, because it is not to be believed that it would undertake to renew the insurance which evidently would have to be continued at the expense of the purchaser, unless it was done at his request, or at least with his consent.

Mrs. Reid, wife of defendant, testifies to a conversation she says she had with Mr. Foil, manager of plaintiff company, in its office. Her statement is that, as her car had caught fire, she called on Mr. Foil to know if she could have it insured in her name, and that he replied she could not before the insurance was paid out. She testifies, further, that Mr. Foil said his company carried the insurance until the unpaid balance was paid out. She says the others present in the office were Miss Wadsworth and Mrs. Rutland. She is positive Mr. Foil said he would keep the car insured for the unpaid balance of the note, that he did not mention it was one year, and that she left with the impression that the insurance continued after the end of the year.

Mr. Foil testifies he told her the insurance was for the unpaid balance for one year, and that she could not get another policy as long as the policy issued on her car was in effect.

Miss Wadsworth, cashier of plaintiff company, says Mr. Foil stated that there was insurance on the car for the term of one year for the unpaid balance.

Mrs. Rutland, to whom Mrs. Reid refers in her testimony, says Mr. Foil told Mrs. Reid that the car was insured until it was paid for, but did not hear Mr. Foil tell her anything about her being able to insure it in her name.

Mr. Foil says Mrs. Rutland was in the car and did not come in the office at all. Miss Wadsworth says Mrs. Rutland was in the car.

We find that the circumstances of the case support the testimony of the witnesses for plaintiff company to the effect that it had taken the insurance on the auto for one year from the date of the execution of the note, and that defendant has failed to show the extinction of his obligation on the note by virtue of an agreement that plaintiff had obligated itself to renew or continue the insurance after the year had expired or until the unpaid balance on the note was paid or satisfied, either during the ensuing year or thereafter.

The judgment in favor of plaintiff for the amount demanded is correct.