CHRIS T. BARNETTE, Judge pro tern.
Plaintiff, William Henry Hughes, filed a suit against the defendant, Raymond A. Hughes, alleging a balance due and unpaid in the amount of $1,649.49 on a loan by plaintiff to defendant of $2,000.00. The defendant in his answer and supplemental answer admitted the loan and pleaded that a promissory note had been given as evidence of the loan. Defendant pleaded the defense of payment and surrender of the note. The trial court rendered judgment in favor of the defendant, Raymond A.. Hughes, and against the plaintiff, William-Henry Hughes, dismissing plaintiff’s demands. Plaintiff has appealed to this Court devolutively.
On March 23, 1962, William Henry-Hughes loaned his son Raymond A. Hughes-$2,000.00 in cash. A note, as evidence of this debt, was executed by Raymond A. Hughes in favor of his father, William-Henry Hughes. The defendant later secured possession of this note from the-plaintiff. The plaintiff and defendant are-in conflict as to how this possession was-obtained. The defendant testified that he-was given the note by plaintiff after full payment of the debt. The plaintiff testified' that he had merely given to defendant the-note to “hold.” The defendant also states-that upon receiving the allegedly paid note, he burned it. The defendant’s testimony is-substantially supported by the testimony of' his wife and sister-in-law. No witness was-able to corroborate the plaintiff.
Generally, one pleading the defense of payment of a promissory note-has the burden of proof. Mack Trucks,. Inc. v. Magee, 141 So.2d 85 (La.App. 1st Cir.1962) ; In Re Pan American Life Insurance Company, 88 So.2d 410 (La.App.2d Cir.1956); Commercial & Savings Bank v. Quality Shop, 141 So. 498 (La.App. 1st. Cir.1932); Finance Security Co. v. Reid, 15 La.App. 667, 132 So. 765 (La.App. 1st Cir.1931). However, when a promissory note is returned to the maker, the presumption is that it has been paid and the burden-of proof shifts to the payee to prove that, it has not been paid. White System of New Orleans, Inc. v. Lehmann, 144 So.2d 122 (La.App. 4th Cir.1962); Lampton Reid & Co. v. Fortenberry, 168 So. 36 (La.App. 1st Cir.1936); Lindsey Mercantile Co., Inc.. v. Lindsey, 5 La.App. 195 (2d Cir.1926); and LSA-R.S. 7:119, subd. (5). This- *253 shifted burden of proof may be met by the payee by an explanation of the maker’s possession of the note. Martin v. Himel, 174 La. 281, 140 So. 478 (1932) and 11 C.J.S. Bills and Notes § 662 d. (1).
Although there are some dubious aspects of this case, such as defendant’s ability to pay, the presumption of payment does lie with the defendant. Plaintiff offered testimony, uncorroborated by other witnesses, to the effect that defendant had not paid him the $2,000.00 and that three or four months after the note was signed, upon request of the defendant, he surrendered the note to the defendant because he trusted him. The defendant, Raymond A. Hughes, corroborated by two witnesses, testified that he had paid the debt, received the note, and destroyed it. This Court finds that plaintiff has not carried his burden of proof in that he has failed to explain to the Court’s satisfaction his surrendering the note to the plaintiff. The note is presumed to have been paid.
There is no question that the $2,000.00 was loaned by the father to his son on a non-interest-bearing note, payable $50.00 per month, and that the note was returned to the son. The time and reason for returning the note is disputed. The father, plaintiff, testified that payments totaling only $350.00 had been made. The son, defendant, testified that he had paid the full sum at the rate of $200.00 per month. This is the core of the dispute between them, and it presents a question of fact.
It is too well established in our jurisprudence to require citations of authority that the findings of fact of the trial court will not be disturbed in the absence of a manifest error. The reasons for judgment dictated into the record by the trial judge at the conclusion of the trial reflect the doubt in his mind, and we share his frustration expressed in the following words:
“I don’t suppose the Court will ever know, to it’s complete satisfaction, whether the debt was ever paid, but all this Court can hope to do is approximate justice * *
He concluded his statement with a proper application of the law that the burden of proof required of the plaintiff had not been discharged on the face of the facts and testimony presented. We can find no manifest error in his judgment.
The function of prima facie presumption is to operate as the prevailing factor in situations otherwise left in irreconcilable conflict and impossible of absolute decision factually. Here the presumption of payment by return of the note to the maker, having not been overturned, must prevail.
The judgment in favor of defendant, rejecting plaintiff’s demands, is affirmed at appellant’s cost.
Affirmed.