LOTTINGER, Judge.
This is an automobile accident suit instituted by the plaintiff, Myra H. Sullivan, against the City of Denham Springs, Randell Mitchell, and The Travelers Insurance Company, the liability insurer of a truck owned by the City of Denham Springs, and operated by Randell Mitchell. The suit against the City of Denham Springs was dismissed as the result of a peremptory exception. The Trial Court found in favor of the plaintiff and against the defendants, Randell Mitchell and The Travelers Insurance Company in the sum of $1,422.00. From this judgment, the defendants have perfected this appeal.
The record points out that on May 8, 1964, at approximately 8:15 o’clock A. M., Mrs. Sullivan was proceeding in an easterly direction on Maple Street and attempted to *491 pass a refuse truck owned by the City of Denham Springs and driven by Randell Mitchell which was parked on the right side of Maple Street at an angle with the back end of the truck partly in the traveled portion of the street. Mrs. Stdlivan testified that as she attempted to pass the truck, the truck hacked up, striking and damaging the right portion of Mrs. Sullivan’s automobile and causing glass from one of the broken windows to get into one of her eyes.
There was much conflict in the testimony in that Mrs. Sullivan said that the truck backed up as she attempted to pass, whereas the truck driver and the two men who were working on the truck with him testified that the truck was at a standstill, parked parallel to the curb, and did not move. There was further testimony from the investigating officer, who at the time of the trial was not with the Police Department of Denham Springs, who testified that when he was investigating the accident, the driver of the truck told him that one of the men told him to back up a little bit and he let the truck roll back. One of the men working on the truck testified that they were in the process of backing up, but the truck had not moved when the collision occurred. The Trial Judge heard all of the testimony, and it was his conclusion that the truck did back up and strike Mrs. Sullivan’s automobile. We see no reason why we should disturb the decision of the Trial Judge as to the facts. He was in a much better position than we are to judge the testimony of the witnesses.
The Trial Court awarded the plaintiff the sum of $1,422.00, and with this decision we find no error. As a result of the accident Mrs. Sullivan got glass into her eye.
On the date of the accident, May 8, 1964, she saw Dr. David C. Thibodeaux and he removed a small particle of glass from her eye. On May 18, 1964, Mrs. Sullivan was still having difficulty with her eye, and after seeing her again, Dr. Thibodeaux referred her to an opthalmologist for a complete examination. She saw Dr. George Jones on May 20, 1964, and he found no foreign body or disease in her eye at this time. Dr. Jones saw her again on June 15, 1964, with the same results. Mrs. Sullivan continued to have difficulty with her eye, and saw Dr. O. W. Cosby on June 22, 24, and 27, 1964. Her eye stopped bothering her after the last visit to Dr. Cosby.
Mrs. Sullivan further complained of pain in her back. She reported this to Dr. Thib-odeaux on her first visit. On March 2, 1966, she was placed in a hospital and put in traction. From an examination of. the record in this proceeding, we do not find that the plaintiff has shown a causal connection between the accident and the back pain which necessitated the hospital stay. Be that as it may, considering the amount of anxiety and physical pain Mrs. Sullivan suffered with her eye injury, we do not find the Trial Court was manifestly erroneous in its award.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed. All costs of this appeal are to be paid by defendant-appellant.
Judgment affirmed.