CHASEZ, Judge.
On February 19, 1965 plaintiff sold by credit sale to Westbank Academy, Inc. a certain piece of real property for the sum of $33,000.00. Three hundred dollars was paid in cash and a promissory note was executed to cover the balance of the sale price. The note was secured by a mortgage and vendor’s lien which was recorded in the Parish of Jefferson, M.O.B. 428, folio 399. Said property is described as follows :
“That certain piece or portion of ground, together with all the buildings and improvements thereon, and all the rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in the Parish of Jefferson, State of Louisiana, in Square or Farm Plot No. 10 North, of Oakdale Subdivision; which said Square is bounded by Belle Chasse Highway, Oakwood Drive, Industry Street, and an unnamed Street, as shown by a blue print of survey by F. G. Stewart, dated June 14, 1943; and which said property begins at a point 435.60 feet from the intersection of Oakwood Drive and the Missouri-Pacific Railroad tract right-of-way and Belle Chasse Highway; and measures thence 382.26 feet front on the right-of-way of the Missouri-Pacific Railroad track and Belle Chasse Highway, and by a depth of 840.92 feet on the side line nearest and parallel with an unnamed Street, and by a depth on the opposite side line nearest Oakwood Drive of 880.36 feet, containing in all 6.21 acres.
“Being the same property acquired by Herman L. Fabian, Jr., from the Succes *741 sion of Anna Loustau, wife of and Herman L. Fabian, Sr. in proceedings No. 50-137, Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana; Judgment read, rendered and signed on March 10, 1959; Registered in Conveyance Office Book 470, folio 654, Entry No. 144882.
“The vendors herein further transfer, convey, sell and deliver unto purchaser all mineral rights appertaining unto the said property, including all rents, royalties and interest whatever and more particularly all the vendors’ rights under that certain lease between vendor and Atlantic Refining Co. dated July 2, 1963, registered in M.L.B. 23, folio 755, insofar as the hereinabove described property is concerned.”
On May 4, 1965 plaintiffs, Audrey Myrl Daigle, wife of and Herman L. Fabian, Jr., executed an act of donation of the above note made and signed by Westbank Academy, Inc. in connection with the above mentioned sale of February 19, 1964 and delivered the note to Westbank Academy, Inc.
On May 5, 1965, the President of West-bank Academy, Inc. executed a release of the mortgage on the property, which release was recorded with the Clerk of Court for the Parish of Jefferson on October 1, 1965, and the mortgage and vendor’s lien of February 19, 1965 was cancelled. This release was signed by plaintiffs as witnesses. The record reveals that the purpose of the donation of the note and the cancellation of the mortgage was to clear the way for financing of buildings to be erected on the property by a corporation known as West-bank Academy, Inc. in order to operate private schools in Jefferson Parish, a project in which plaintiffs, Mr. and Mrs. Herman L. Fabian, Jr., were interested. Accordingly, on March 15, 1966, Westbank Academy, Inc. executed a note and mortgage as security for the sum of $127,680.00 advanced it by Allied Concord Financial Corporation for such purpose. It became evident that Westbank Academy, Inc. would not be a profitable business venture and it was then that plaintiffs sought to have the Clerk of Court for Jefferson Parish cancel the release of mortgage executed on May 5, 1965, as above set forth, and reinstate their mortgage and vendor’s lien which was of record in the Parish of Jefferson, M.O.B. 428, folio 399. Upon the Clerk refusing to comply with plaintiffs’ request, plaintiffs filed a petition for writ of mandamus to compel the Clerk to cancel the release and to reinstate the mortgage and vendor’s lien. Plaintiffs also joined as defendants Allied Concord Financial Corporation, M & P Building and Sales Company, the District Director of Internal Revenue, and Joseph Lucas, d/b/a the Lucas Plumbing Service, because of their security interests in the particular property involved in this suit. The lower court rendered judgment against plaintiffs dismissing their suit at their cost from which plaintiffs have appealed.
This proceeding was initiated as a petition for a writ of mandamus, an extraordinary remedy, but the trial court permitted other issues to be discussed. The trial judge found that counsel for all parties waived any objections to the questionable form of procedure employed by plaintiffs, presumably in the interest of an expeditious resolution of the issues and a stabilization of the title to this property. This point was not argued on appeal and will not be considered by this court.
Plaintiffs alleged that the act of release of mortgage of May 5, 1965 and recorded October 1, 1965, was null and void. They argued that since the note was payable to the order of plaintiff, Herman L. Fabian, Jr., he alone would have the authority to execute a release; that since Westbank Academy, Inc., the maker, was described in the release as the last holder and owner of a note payable to the order of Herman L. Fabian, Jr., the release of mortgage was null. However, under the N.I.L. and our jurisprudence when a promissory note is returned to the maker there is a presumption that the note has been paid, even though the defense of payment must gen *742 erally be proven by the maker. The burden of proof shifts to the payee to prove that the note has not been paid and that shifted burden of proof may be met by the payee by the explanation of the maker’s possession of the note. Hughes v. Hughes, La.App., 170 So.2d 251 (4th Cir. 1964). However, in this case there was an authentic act of donation by which the payee donated the note to the maker. Under LSA-R.S. 7:122 and the Hughes case, supra, this is a renunciation of the holder’s rights against the maker and the maker, Westbank Academy, Inc., does have the capacity to appear and have the mortgage and note cancelled. The capacity or not of the maker does not alter the situation because this suit was directed at the Clerk of Court for “erroneously” cancelling a mortgage and vendor’s lien. The Clerk was presented a certificate of a Notary Public that an act of release of mortgage had been executed. The release was regular and proper on its face and the trial court so found. The plaintiffs even appeared as witnesses to the act of release and their signatures appear thereon. Upon presentment of certificate of the Notary Public before whom the release was executed which states that a release was granted and the erasure allowed, the Recorder of Mortgages is required to cancel any mortgage for which the release is granted. LSA-C.C. Art. 3374.
The plaintiffs in alleging that the Clerk should have seen a defect, if indeed there was one, in the certificate- would require of a Clerk of Court in the performance of his duties something above and beyond the duties imposed upon him by positive provisions of law.
The plaintiffs alleged further that the act of donation was void for lack of form. The trial judge found that the act of donation was regular and proper on its face. A close study of the record reveals that the trial judge was justified in reaching this conclusion. The entire picture revealed by the record indicates that Fabian donated the note as part of the venture. When the academy proved unprofitable he attempted to have himself placed back in the position of a mortgage holder. This lawsuit is the end result of that attempt. In their depositions both Fabian and his wife denied their signatures for the first time on the act of release and on the act of donation. At the trial, however, the evidence was overwhelming to the effect that the signatures were genuine and the court a quo did not even consider the issue of forgery in its reasons for judgment.
Again, assume for the moment that the act of donation was not in proper form because all parties were not before the Notary when the act was passed. Whether they were or were not is not the responsibility of the Clerk of Court. LSA-C.C. Art. 3374. The plaintiffs would here, also, attempt to burden the Clerk with a duty not imposed on him by our law.
We note that Fabian and his wife were both plaintiffs in the original petition. However, Mrs. Fabian’s suit was dismissed on an exception of no right of action because the property involved was the separate property of her husband, having been inherited from his parents. Thus, any judgment for or against plaintiff will be directed toward Herman L. Fabian, Jr. only.
In the trial court’s judgment the suit was dismissed as to the Clerk of Court and the other named defendants, but any other rights that Fabian may have against West-bank Academy, Inc., its individual officers, or any other persons were reserved. For the above mentioned reasons, we affirm the judgment of the lower court dismissing the suit as to the Clerk of Court and other defendants and reserving any other rights plaintiff may have against Westbank Academy, Inc., its officers as individuals or any other person. Judgment affirmed at appellant’s cost.
Affirmed.