ELLIS, Judge:
This is a suit for a deficiency judgment. Defendant J. C. Downs purchased a new car from plaintiff Bill D’Aubin Chevrolet, Inc., on September 23, 1969. In payment for same, he made a down payment, traded in his old car and executed a note and chattel mortgage for $4,111.56, payable in 36 monthly installments of $114.21. The vehicle was insured against collision loss by Cavalier Insurance Corporation, for the actual value of the vehicle, with $100.00 deductible. The note and mortgage were transferred by endorsement with recourse to Universal CIT Credit Corporation, which appears as loss payee in the insurance policy.
On December 28, 1969, the automobile was demolished in a wreck. On January 8, 1970, defendant wrote CIT and advised that he would make no further payments until he was furnished with another car, or until the matter was settled with the insurance company. Defendant was offered two cars of the same make and model as the'destroyed vehicle, but rejected them because he felt they were “oil burners”.
On February 13, 1970, Adrian Ayer, an adjuster for Cavalier, met with defendant and his attorney to attempt to effect a settlement. Mr. Ayer testified that he offered a gross settlement of $2,704.27, based on his assertion that an equivalent automobile could be purchased for $2,695.00. From the above, he would have to deduct the $100.00 deductible, a tow charge of $75.00, and defendant would have surrendered the salvage value of the vehicle, estimated at $250.00. Defendant demanded a net settlement of $3,000.00.
Since no settlement could be effected, CIT proceeded to foreclose on their chattel mortgage, via executiva, with benefit of appraisement. The damaged vehicle was appraised at $350.00 and was purchased by CIT for $325.00. After deduction of $63.-85 in court c'osts, the balance of $261.15 was applied as a credit on the note. CIT then settled the insurance claim with Cavalier for $2,279.27, which is the $2,704.27 less the deductible, the tow charge, and the salvage. The $2,279.27 was applied as a credit to the note. Thereafter, CIT called on the plaintiff herein to pay the balance due under its recourse agreement, and plaintiff did so. Mr. Bill D’Aubin, President of the plaintiff corporation, testified that he paid $1,295.00 to satisfy the indebtedness to CIT.
This suit was thereafter instituted against Mr. Downs for $3,930.77, the balance due when defendant stopped paying on the note, plus interest and attorney fees, subject to credits of $261.15 and $2,279.27. Defendant answered, denying liability on a number of grounds, and then filed a third-party petition against Cavalier, alleging that it had offered $3,000.00 to defendant to settle the case and then had settled with CIT for $2,279.27, which allegedly was done in fraud of defendant’s rights and without notice to him. It is alleged that, had a proper settlement been made and proper credits allowed, the note would have been satisfied in full.
Trial on the merits was held, and judgment rendered in favor of plaintiff in the *791 full amount sued for, subject to credits of $261.15 on April 25, 1970; $2,279.27 on August 6, 1970; and $242.46 on June 3, 1970. The latter credit is not explained by the record. Defendant applied for a new trial, and a hearing on the application was ordered, after which the motion for a new trial was denied. Defendant has appealed to this court.
Defendant has made several assignments of error which we shall consider serially. First, he claims that the obligation was extinguished by confusion when CIT became the owner of the automobile by purchase at the sheriffs sale. Article 3411 of the Civil Code provides:
“Mortgages are extinguished:
“1. By the extinction of the thing mortgaged.
“2. By the creditor acquiring the ownership of the thing mortgaged.
“3. By the extinction of the mortgagor’s right.
“4. By the extinction of the debt, for which the mortgage was given.
“5. By the creditor renouncing the mortgage.
“6. By prescription.”
It cannot be questioned that the mortgage held by CIT was extinguished by its acquisition of the defendant’s automobile under Section (2) of the above article. However, the debt was not extinguished thereby, except to the extent that the price paid was applied thereto. See Dawson v. Thorpe, 39 La.Ann. 366, 1 So. 686 (1887).
Defendant next claims that when CIT settled with Cavalier without his knowledge or consent, it was the same as a voluntary repossession, and constituted a full settlement of the debt. No authority for this novel proposition is advanced, and we find it to be without merit. Under the insurance contract, Cavalier had the right and obligation to settle the claim with the owner and loss payee in the policy. At the time of the settlement, Downs occupied neither of these positions.
The third and forth specifications of error read as follows:
“3. The entire agreement has been can-celled by the release the surety or Calvert Insurance Company by the acceptance of an insufficient amount destroying defendants subrogation and right of recovery against Calvert.
“4. It was error for the court to hold that J. C. Downs was not relieved when extensions and release of surety by settlements made without authority, approval or knowledge of J. C. Downs.”
Defendant’s entire argument on these two specifications of error is based on the proposition that Cavalier occupied the position of surety for defendant’s obligation. This assumption is without foundation. Cavalier has no obligation to pay defendant’s debt. Its only obligation is to pay the actual cash value of the automobile insured by it, should it be destroyed. We find that the record fuliy supports the conclusion that it has done so.
The final specification of error is to the failure of the courts to sustain the alternative plea of payment. We have perused the record herein and find no plea of payment whatsoever, and no evidence offered on this point. Payment is an affirmative defense which must be specifically pleaded. Article 1005, Code of Civil Procedure; Preferred Investment Corporation v. Denson, 251 So.2d 455 (La.App. 1 Cir. 1971). The contention is, therefore, without merit.
Since we have found no merit to defendant’s specifications of error, the judgment appealed from is affirmed, at defendant’s cost.
Affirmed.