THOMAS C. WICKER, Jr., Judge Pro Tern.
This is a suit on a promissory note instituted by Termplan Arabi, Inc., against Roy Rodney. Petitioner, alleging it is the owner for value of a certain promissory note, sued for the unpaid balance due thereon in the amount of $486.00. Defendant tendered a general denial of petitioner’s allegations and answered further that he has in his possession the promissory note referred to herein marked “Paid in Full”, and initialled by an employee and/or agent of Termplan Arabi, Inc., as well as a letter from petitioner accepting final payment on the note.
After trial of this case, judgment was rendered in favor of defendant, Roy Rodney, and against plaintiff, Termplan Arabi, Inc., dismissing plaintiff’s demands. Plaintiff has appealed devolutively to this Court.
The principal issue presented here is whether the note at issue has been paid.
On August 5, 1971, Termplan Arabi, Inc., loaned to defendant, Roy Rodney, *875 the cash sum of $537.84. A note, as evidence of this indebtedness, was executed that same date by defendant in favor of plaintiff in the amount of $648.00. Included therein was the sum of $32.60, the balance due by defendant on a previous loan.
Defendant testified that during the month of November, 1971, he made a cash payment to Termplan Arabi, Inc., liquidating his indebtedness on the note and in receipt of said payment the note was returned to him marked “Paid in Full.” Defendant later received a letter dated December 1, 1971, bearing the signature of Frank Caralla, Manager of Termplan Ara-bi, Inc., thanking Rodney for the final payment on his account.
Plaintiff adduced testimony that over a three month period defendant had only paid $162.00 towards the amount owed on the note; that subsequent to defendant’s payment of $54.00 on November 24, 1971, the note was inadvertently marked “Paid in Full” and erroneously mailed to defendant by an employee of plaintiff; and that the December 1, 1971, letter referring to the final payment on defendant’s account was also erroneously mailed.
Plaintiff contends that since defendant, in answer to its petition, did not affirmatively plead the defense of payment, the trial court improperly admitted evidence as to payment of the note. Plaintiff complains it was greatly prejudiced by this ruling of the lower court. Defendant avers that by denying allegation No. 4 of plaintiff’s petition, payment of the note was sufficiently pleaded in his answer to put the plaintiff on notice regarding this defense. Allegation No. 4 states that “Defendant is fully aware that he has not paid the note in full and will not be able to furnish to the Court any cancelled checks or receipts showing payment.”
This Court finds that even if payment was not affirmatively pleaded by defendant in his answer, plaintiff’s contention is without merit. Pursuant to Article 1154 of the Louisiana Code of Civil Procedure, evidence not objected to at trial has. the effect of enlarging the pleadings. The lower court record discloses that at no time did plaintiff object to the introduction of evidence concerning payment of the note, nor did plaintiff plead surprise or prejudice by the admission of such evidence. In this case, plaintiff, itself, enlarged the pleadings by calling the defendant under cross examination and questioning him as to payment of the note.
Further, the record reflects that at no time during the introduction of evidence as to payment, did plaintiff request a continuance on the ground that it was not properly prepared to meet this defense. We conclude, therefore, that the testimony concerning payment was properly admitted.
A natural corollary to the above-noted contention is the burden of proof which must be met when the defense of payment is urged. Generally, one pleading the payment of a promissory note has the burden of proving it. LSA-C.C.P. 1005; Bill D’Aubin Chevrolet, Inc., v. Downs, 264 So.2d 789 (La.App. 1st Cir. 1972); Am. Security Bank of Ville Platte v. Vidrine, 255 So.2d 140 (La.App. 3rd Cir. 1971); Preferred Investment Corp. v. Denson, 251 So.2d 455 (La.App. 1st Cir. 1971). When a promissory note is returned to the maker, however, the presumption arises that the note has been paid in full and the burden of proof shifts to the payee to prove non-payment. LSA-R.S. 7:119 (5); Daigle v. Justice, 228 So.2d 739 (La.App. 4th Cir. 1969); McLaughlin v. Knox, 224 So.2d 491 (La.App. 1st Cir. 1969); Hughes v. Hughes, 170 So.2d 251 (La.App. 4th Cir. 1965).
Such is the situation in the present case. The note in question was returned to Rodney, the maker, by plaintiff. Therefore, under Louisiana law the prima facie presumption arises that it has been paid. The burden then shifted to plaintiff to rebut this presumption by proving the note was not paid. This shifted burden of proof may be met by the payee by an explanation *876 of the -maker’s possession of the note. The trial judge, in a proper application of the law, concluded that the burden of proof required of the plaintiff had not been discharged in the face of the facts and evidence presented.
It is well established in our jurisprudence that the findings of fact of the trial court will not be disturbed in the absence of manifest error. We find no such error in this case. For the reasons assigned, the judgment appealed from is affirmed at appellant’s costs.
Affirmed.