BERTRAND, Judge.
Harold Loewer and Louisiana Implement Company, Inc. instituted this suit against Clyde P. Vanderhider for a money judgment. The plaintiffs seek to recover the sum of $8,149.70, together with interest and attorney’s fees, subject to an alleged $2,000.00 payment. From a judgment dismissing their suit, the plaintiffs have perfected this appeal. We affirm.
Vanderhider, an Evangline Parish farmer, periodically purchased farm equipment from Louisiana Implement Company. Plaintiff, Loewer, was president and principal stockholder of the implement company. However, during the period of time that the defendant did business with the company, Loewer was not participating in the daily affairs of the business. The business was being conducted by its manager, James Rhimes. While doing business with the implement company, the defendant purchased some twenty (20) to twenty-five (25) pieces of farming equipment. He paid cash for some items and purchased others on credit. The defendant testified that he also had an open account with the company and would make periodic payments on this account.
The implement company sold its credit paper to Commercial Credit Equipment Corporation of New Orleans. Loewer testified that he personally executed a continuing guaranty to indemnify CCEC against any loss occasioned by customers of Louisiana Implement Co., Inc. However, no guaranty agreement was entered into evidence. At times, Loewer actually endorsed notes to CCEC, while at other times, Rhimes was the endorser.
Plaintiffs contend that in February of 1972, CCEC held three of Vanderhider’s outstanding mortgage notes. One was dated June 17, 1967; the second was dated April 29, 1967; and the third was dated *1013 December 6, 1966. The outstanding balance on these accounts supposedly amounted to the sum of $7,997.66, together with $152.04 owed in interest. Loewer paid these amounts to CCEC. Plaintiffs allege that CCEC, instead of mailing the notes to them, erroneously returned the notes to Vanderhider and that Vanderhider must now reimburse them for the amount paid.
The plaintiffs introduced into evidence a $5,000.00 check dated January 25, 1972, which was returned because of insufficient funds. The check was allegedly drawn on the defendant’s account and made payable to the order of CCEC. The defendant denies any knowledge of having written the check, although he testified that the handwriting on the check looked like his.
Plaintiffs allege that the last payment made by defendant was on February 9, 1972, in the amount of $1,500.00. In order to substantiate their contention, plaintiffs introduced into evidence an undated handwritten note addressed to CCEC, purporting to transmit a check for $1,500.00 and allegedly signed by defendant. Defendant testified that the instrument was not in his handwriting and that he did not remember writing a $1,500.00 check.
Loewer contends that after paying CCEC, he received a $2,000.00 payment from the defendant. He produced a bank deposit slip dated March 8, 1972, showing the deposit of a Vanderhider check in the sum of $2,000.00. Vanderhider said that he owed a large sum of money and made many payments but he could not remember any specific payments.
Defendant further testified that he did not believe that he owed anything to the implement company. Defendant’s records were destroyed when his house burned down two (2) years before the trial.
Loewer testified that he could not say that the defendant owed the money in question, but that he just took the word of CCEC that the accounts were outstanding.
Mr. William Bufkin, the present manager of CCEC who was not employed at the time any of the described transactions occurred, testified that from the office records, he was unable to ascertain whether Loewer or Rhimes endorsed the notes in question or if the endorsements were with or without recourse. Loewer testified that he was not the endorser of the notes in question.
The evidence shows that under the general procedure used by CCEC, when a note was paid it .was returned to the dealer. Bufkin testified that 90% of the time the notes were returned to the dealer. He also testified that he does not know who received the notes in question. The evidence discloses that the notes were cancelled in the Evangeline Parish recorder’s office two (2) days after they were mailed from the offices of CCEC. Loewer denied receiving the notes although he paid to CCEC from his personal funds the sum of $8,150.00 to be applied to the outstanding accounts of the defendant.
The trial court concluded that the three (3) notes in question were returned by CCEC to the defendant. We must give great weight to this factual conclusion. Canter v. Koehring, 283 So.2d 716 (La.1973); Roussel v. Colonial Sugars Co., 318 So.2d 37 (La.1976).
Ordinarily the burden of proof rests on the party who pleads the defense of payment of a promissory note. Hughes v. Hughes, 170 So.2d 251 (La.App.4th Cir. 1965), and the cases therein cited; and Termplan Arabi, Inc. v. Rodney, 288 So.2d 874 (La.App.4th Cir. 1974), and the cases therein cited. However, when a promissory note is returned to the maker, the presumption is that it has been paid, and the burden of proof shifts to the payee or holder to prove that it has not been paid. Hughes v. Hughes, supra, Sullivan v. City of Denham Springs, 224 So.2d 490 (La.App.1st Cir. 1969); Termplan Arabi, Inc. v. Rodney, supra. The presumption of payment is not conclusive but may be rebutted. Martin v. Himel, 174 La. 281, 140 So. 478 (La.1932).
The plaintiff could offer no evidence to show that the alleged indebtedness of the defendant was still outstanding.
*1014 The testimony shows that the defendant made payments to Rhimes whose accounts receivable records were incomplete. There is no way for us to know whether these payments were transmitted to CCEC. Although he possessed knowledge of facts pertinent to the issues in litigation, Rhimes was not called as a witness. His unexplained absence creates a presumption that his testimony would be adverse to the plaintiffs. Tillman v. Canal Ins. Co., 305 So.2d 602 (La.App.1st Cir. 1974) writ refused; Thibodeaux v. Fireman’s Fund Ins. Co., 325 So.2d 318 (La.App.3rd Cir. 1975).
In the case of Hughes v. Hughes, 170 So.2d 251 (La.App.4th Cir. 1964), the court quoted from the reasons of the trial judge. This quotation mirrors our thoughts about the present case; it reads as follows:
“I don’t suppose the Court will ever know, to it’s complete satisfaction, whether the debt was ever paid, but all this Court can hope to do is approximate justice * * *.”
We find that the plaintiffs have failed to discharge the burden of proof required of them and accordingly the presumption of payment must prevail. “The function of prima facie presumption is to operate as the prevailing factor in situations otherwise left in irreconcilable conflict, and impossible of absolute decision factually.” Hughes v. Hughes, supra.
For the foregoing reasons, the judgment in favor of defendant, rejecting plaintiffs’ demands, is affirmed at appellants’ costs.
AFFIRMED.