KNOLL, Judge.
Thomas H. Isbell appeals from two partial summary judgments granted in favor of plaintiff, William Tracy Barstow, in the amounts of $30,427 and $26,143 for indebtedness Barstow allegedly incurred on behalf of Isbell. Isbell contends the trial court erred: (1) in granting the partial summary judgments in favor of Barstow; (2) in awarding attorney fees of $6,085; and (3) in failing to find that Barstow’s suit had prescribed. The decisive issue is whether there is a genuine issue of material fact remaining after consideration of the evidence introduced in support of Barstow’s motions for summary judgment. We reverse, finding that there is a genuine issue of material fact, and that the trial court improperly granted the partial summary judgments; therefore, we pretermit the issues of attorney fees and prescription.
FACTS
On February 10, 1984, Isbell executed a promissory note in the amount of $22,000 to the order of the Lafayette Guaranty Bank & Trust Company, which note Bar-stow co-signed as an accomodation maker. Based on this promissory note, Barstow filed suit against Isbell for the principal amount of $22,000, interest of $2,342, and attorney fees of $6,085. In the same petition, Barstow alleged that Isbell owed him $26,143 for indebtedness Isbell authorized him to incur on Isbell’s behalf, including insurance on Isbell’s property, payment of taxes, utility bills, repair and refurbishing of buildings on Isbell’s property, and employment of individuals to maintain and protect Isbell’s buildings. Isbell answered Barstow’s petition with a general denial; he also filed an affidavit denying indebtedness of $56,570 to Barstow, and further, that Barstow’s action for any amounts allegedly owed had prescribed. On January 22, 1985, the trial court granted a partial summary judgment on the promissory note in the respective amounts prayed for, a total of $30,427. On February 28, 1985, the trial court granted another partial summary judgment for the remaining $26,143.
SUMMARY JUDGMENT
It is well settled that a motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966; Chaisson v. Domingue, 372 So.2d 1225 (La.1979); Employers’ Surplus Line Ins. Co. v. City of Baton Rouge, 362 So.2d 561 (La.1978); Morgan v. Matlock, Inc., 342 So.2d 167 (La.1977). The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt is resolved against the granting of summary judgment and in favor of trial on the merits to resolve disputed facts. Employers’ Surplus Line Ins. Co. v. City of Baton Rouge, supra; Morgan v. Matlack, Inc., supra.
*322 On a motion for summary judgment, the court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all material facts. If they are not sufficient, summary judgment must be denied. Only if they are sufficient does the burden shift to the opposing party to present evidence that material facts are still at issue. Chargois v. Trip-L-Quik, 441 So.2d 45 (La.App. 3rd Cir.1983); Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980). Generally, the party pleading the payment of a promissory note has the burden of proving it. Ternplan Arabi, Inc. v. Rodney, 288 So.2d 874 (La.App. 4th Cir.1974).
In the instant case, the record is void of any evidence, other than Barstow’s affidavits, which establish with certainty the amounts allegedly owed. Isbell’s affidavit denies the alleged indebtedness of $56,570. As to the indebtness from the promissory note, Barstow attached a copy of the note to his petition; however, he neither attached a receipt nor presented any evidence to show that he paid the principal and/or interest on the promissory note. Barstow sought and was awarded a judgment of $30,427 solely on the basis of his petition, a copy of the promissory note, and his affidavit. Barstow bears the burden of proving payment of a promissory note. We find the record contains insufficient evidence to prove Barstow’s payment of the note. As to Isbell’s alleged indebtedness of $26,143 for expenses Barstow incurred for the maintenance of Isbell’s property, the record is equally lacking in evidence supporting the indebtedness and the precise amount owed. Barstow filed a copy of the conveyance of the property he allegedly maintained on behalf of Isbell; however, Isbell’s name does not appear on the conveyance. Barstow further introduced into evidence numerals scribbled on sheets of paper; however, these figures do not correspond with the amounts claimed by Bar-stow, and no explanation is provided. We find the record contains insufficient evidence to support the trial court’s award of $26,143 to Barstow.
After reviewing the supporting documents, we find there is a genuine issue of material fact as to whether or not Isbell was indebted to Barstow and, if so, the extent of the indebtedness. We further find that Barstow failed to present supporting documents sufficient to resolve all material facts. Therefore, we conclude that the trial court improperly granted the partial summary judgments, and accordingly we reverse the judgments.
DECREE
For the foregoing reasons, the partial summary judgments appealed from are reversed and set aside, and the case is remanded for further proceedings in accordance with law and the views expressed herein. All costs incurred in this appeal are assessed against the appellee, William Tracy Barstow.
REVERSED AND REMANDED.