ELLIS, Judge.
Plaintiffs herein bring this suit as the sole heirs and legatees of B. M. McLaughlin, who died on April 6, 1966. The decedent was the owner of a mortgage note executed by defendant, Mrs. Lenora P. Knox, in the amount of $8,322.00, dated January 25, 1965, and payable in monthly installments. The note was not found among his effects on his death, but plaintiff’s attorney was advised by defendant’s attorney that the note had been left with him by the decedent with instructions that in the event he died before Mrs. Knox, the note was to be delivered tor her, and that if Mrs. Knox died before the decedent, the note was to be returned to him. The above circumstances were acknowledged in writing as basically correct by defendant’s attorney on May 3, 1966.
However, on the trial of the case, defendant’s attorney testified that on April 3, 1966, three days before Mr. McLaughlin’s death, he was instructed by the decedent to bring the note to Mrs. Knox’s house. He stated that he handed the note to Mr. McLaughlin, who in turn handed it to Mrs. Knox. He further testified that the note was delivered to him by Mrs. Knox on April 12, 1966, to be cancelled. The note was tendered to the clerk for cancellation on June 6, 1966.
This suit was brought by the heirs of Mr. McLaughlin against Mrs. Knox and the Clerk of Court of East Baton Rouge Parish to compel the erasure from the note and mortgage of the notation of cancellation thereof, and the return of the note to plaintiffs. Mrs. Knox’s answer denied the essential allegations of plaintiffs’ petition, *493 and contains a reconventional demand for the sum of $11,950.00 for services rendered to the decedent.
The district judge found that it was unnecessary that he resolve the inconsistencies in the statements and testimony of defendant’s attorney, since if the first were correct the instructions by Mr. McLaughlin constituted an invalid attempt to make a disposition mortis causa; and if the second version were found to be correct, it was an invalid attempt to make a donation inter vivos of an incorporeal thing, as it did not comply with the requirements of Article 1536 of the Civil Code.
He granted judgment in favor of plaintiffs, from which defendant Mrs. Knox has appealed. She alleges that Article 1536 does not apply, and that Mr. McLaughlin negotiated the note to her under the provisions of R.S. 7:30. She further alleges that the trial court erred in dismissing her re-conventional demand.
We think the trial judge correctly resolved the issues. If the note was in fact left with the attorney for delivery to Mrs. Knox in the event of Mr. McLaughlin’s death, there would exist an attempt to make a disposition mortis causa in a manner prohibited by law. Article 1570, Civil Code. This point is conceded by appellant.
If Mr. McLaughlin delivered the note to Mrs. Knox, she would then be both maker and holder thereof. R.S. 7:30; R.S. 7:191. Under the provisions of R.S. 7:119 (5) if the maker becomes the holder, at or after maturity, the instrument is discharged. The possession of the note by the maker creates a presumption of payment and the burden shifts to the payee to show that it has not been paid. Hughes v. Hughes, 170 So.2d 251 (La.App. 4 Cir. 1965).
In this case, however, it is not pretended that payment has been made. Mrs. Knox claims that the note was donated to her, and attempted to prove the donation by parol testimony. This she cannot do. The mode of proof of a donation inter vivos of an incorporeal movable, such as a promissory note, is prescribed by Article 1536 of the Civil Code, as follows:
“An act shall be passed before a notary public and two witnesses of every donation inter vivos of immovable property or incorporeal things, such as rents, credits, rights or actions, under the penalty of nullity.”
There being no such authentic proof of the donation, the transaction is a nullity.
We see no inconsistency or conflict between the codal provision and the Negotiable Instruments Law. We are not dealing with a holder in due course of a note, who takes for value and who is protected by the N.I.L. This is a contest between the payee of a note and the maker who has come into possession thereof. Once the payee has established nonpayment, the maker must carry the burden of proving his right to the possession thereof. The Civil Code provides the mode of proof in this case.
With reference to the reconventional demand of defendant, suffice it to say that she has completely failed to carry the burden of proof, either as to the extent of the services allegedly rendered or the value thereof. Her demand was properly rejected.
The judgment appealed from is affirmed, at the cost of defendant-plaintiff in recon-vention.
Affirmed.