CHIASSON, Judge.
This is an appeal of a judgment of the District Court in favor of Beatrice Levins *830 McCoy and James E. McCoy, defendants-appellees, and against William B. Houston, plaintiff-appellant, dismissing the plaintiff’s suit at his cost.
On September 12,1975, the plaintiff filed suit to recover $7,917.80 plus interest and attorney’s fees, the amount alleged as due under the terms of a promissory note signed by the defendants. The defendants filed exceptions of No Cause or Right of Action, Vagueness and Lack of Procedural Capacity. Following a hearing, the District Court dismissed these exceptions. The defendants filed an answer and a reconventional demand seeking damages for embarrassment and attorney’s fees. A trial on the merits was held and judgment was rendered dismissing the plaintiff’s suit. While the written Reasons for Judgment provided by the District Court do state that the defendants failed to establish the damages sought in their reconventional demand and that their claim will be denied, the judgment signed does not dismiss the defendants’ reconven-tional demand.
The facts in this case were summarized by the District Court as follows:
“Counsel stipulated the following facts. Plaintiff’s wife, Myrtle Cugle Houston, acquired certain property before her marriage to plaintiff. After her marriage to plaintiff, Myrtle Cugle Houston sold this separate property to defendant, James E. McCoy. This property was sold for $12,-000.00, $3,000.00 paid in cash and the balance of $9,000.00 represented by a note for that amount dated April 14, 1965, made payable to the order of ‘MYSELF’ in equal monthly installments of $67.10 each, including interest. The note, endorsed by James E. McCoy, bore interest at the rate of 6V2% per annum and provided for the payment of 10% attorneys fees to enforce collection.
“Mrs. Myrtle Houston married plaintiff in 1963 or 1964. She died intestate on February 20, 1975. She had no descendants nor ascendants and was survived by three sisters, one brother, nieces and nephews. Defendant, Beatrice McCoy, is one of decedent’s sisters.
“Plaintiff claims ownership of the promissory note and seeks payment herein under Louisiana Revised Statute 10:3-301. He has not sought execution of the vendor’s lien and privilege securing this note. “Defendants claim that plaintiff is not the lawful owner or holder of this note. They allege this note was the separate property of Myrtle Houston at her death and as such it was inherited by her collateral relatives, Beatrice McCoy being one of them.
“Evidence shows that the payments on this note were up to date and received by Myrtle Houston until her death. Thereafter defendants made the monthly note payments into a special bank account opened in the name of ‘Estate of Myrtle C. Houston’.
“Testimony of plaintiff, his son and daughter-in-law shows that plaintiff’s wife became sick in 1966 and never fully recovered. She had a total of four heart attacks and was diabetic. She was in and out of hospitals and incurred large medical, hospital and drug bills. Plaintiff was working for the City of Slidell during this time making $100.00 per week income. They had to borrow money to meet their financial obligations.
“Approximately six months before her death, Myrtle Houston, having just come out of the hospital, gave plaintiff the promissory note in question saying she would like to help ‘straighten out’ the debts. Plaintiff, his son and daughter-in-law witnessed this donation. Their testimony was all substantially the same, that Myrtle Houston took the note in her hand and stated that she was giving this note to plaintiff to help pay their debts. She then replaced the note in its usual resting place in their house where it remained until filed in this suit.
“This court finds that Myrtle Houston desired to and did make a manual donation of this note to plaintiff. The question presented is whether this donation was valid.”
In determining that the donation was not valid the District Court said:
*831 “During the marriage, a wife may donate to her husband in full ownership all that she might give to a stranger. Louisiana Revised Civil Code Article 1746 and Succession of Broussard, 306 So.2d 399 (La.App. 3rd Cir., 1975).
“A promissory note is an incorporeal movable. Louisiana Revised Civil Code Article 1536 and McLaughlin v. Knox, 224 So.2d 491 (La.App. 1st Cir., 1969). Article 1536 requires that every inter vivos donation of incorporeal things must be couched in an authentic act. Since the donation of this note to plaintiff was not made in an authentic act, the donation was not valid in form and must fall. McLaughlin v. Knox, supra.
“Plaintiff claims that this note is a bearer instrument, and as such is transferrable by mere delivery, he cites several cases in his brief to support this contention. This court feels these cases cited by plaintiff do not apply here. These cases deal with the requirement of authentic evidence in foreclosures by executory process.
“Since the gift of this note to plaintiff is invalid as a donation, the next question presented is whether or not this transfer can qualify as a remunerative donation. If this donation is remunerative, it is not subject to the rules which apply to donations except when the value of the object given exceeds by one-half that of the charges or services. Louisiana Revised Civil Code Article 1526.
“There is some question in the court’s mind as to whether the services rendered by plaintiff to his deceased wife and the debts of the community resulting from the donor’s ill health are supportive of a remunerative donation. However, the court is going to pretermit this question, since it feels that the evidence shows that the value of the note far exceeds by one-half the value of any services rendered or debt incurred.
“The burden of proof is on the defendants attacking the validity of a remunerative donation to show that the value of the donation exceeds by one-half the value of the services or debts incurred. Fenger v. Cagnolatti, 292 So.2d 901 (La.App. 4th Cir., 1974) and Placid Oil Co. v. Frazier, 126 So.2d 800 (La.App. 2nd Cir., 1961). Testimony produced at the trial of this matter satisfies this burden of proof. These medical expenses were community debts with exception of the last illness debts. Plaintiff testified that all of the hospital and doctor bills were paid by either Blue Cross or Medicare. He testified that ‘very little’ was left over or unpaid. Mrs. Beatrice McCoy testified that she made one payment of $500.00 toward Dr. Howard’s bill and gave plaintiff’s wife another $500.00 to be paid to Dr. Howard although she could not testify that she knew without a doubt that this second $500.00 was actually paid to Dr. Howard.
“The court feels that this testimony carried defendants’ burden of proving that the value of the note exceeded by much more than one-half the value of the charges or debts. It is very understandable in light of plaintiff’s small income that he would be forced to borrow money to pay any debts, no matter how small, outside of normal living expenses. Plaintiff offered no particular figures in rebuttal to establish the value of this alleged debt.
“The final question presented is whether a natural obligation existed such as would support a donation. Louisiana Revised Civil Code Article 1757 defines a natural obligation as follows:
‘Art. 1757. Obligations are of three kinds: imperfect obligations, natural obligations, and civil or perfect obligations.
2. A natural obligation is one which can not be enforced by action, but which is binding on the party who makes it, in conscience and according to natural justice. . . .’
“There are four kinds of natural obligations, Louisiana Revised Civil Code Article 1758 states:
‘Art. 1758. Natural obligations are of four kinds:
1. Such obligations as the law rendered invalid for the want of certain *832 forms or for some reason of general policy, but which are not in themselves immoral or unjust.
2. Such as are made by persons having the discretion necessary to enable them to contract, but who are yet rendered incapable of doing so by some provision of law.
3. When the action is barred by prescription, a natural obligation still subsists, although the civil obligation is extinguished.
4. There is also a natural obligation on those who inherit an estate, either under a will or by legal inheritance, to execute the donations or other dispositions which the former owner had made, but which are defective for want of form only.’
“The court, in Breaux v. Breaux, 218 La. 795, 51 So.2d 73 (1951) held that Article 1758 gives an exclusive list of kinds of natural obligations. See also Succession of Miller v. Manhattan Life Ins. Co., 110 La. 652, 34 So. 723 (1903) and Succession of Burns, 199 La. 1081, 7 So.2d 359 (1942). Therefore, the obligation which Myrtle Houston felt to help the poor community which existed between her and plaintiff must fit into one of the four categories in Article 1758 in order to be classified as a natural obligation.
“The first three classes of natural obligations enumerated in Article 1758 are limited to matters of contract and have no application whatever to donations which are placed exclusively within the fourth class. Morris v. Abney, 135 La. 302, 65 So. 315 (1914) and Breaux v. Breaux, supra. The fourth class set forth in Article 1758 was not intended to apply to facts such as are present in the instant case. Rather, this fourth class was designed to support the donation made by an heir or legatee. See 15 Tulane Law Review 497 (1941) quoted in the Law Review Commentaries following Article 1759 in the Louisiana Revised Civil Code.”
The plaintiff does not dispute the factual findings of the District Court. He does, however, contend that:
“1. The lower Court’s legal finding that the obligation felt by Myrtle Cugle Houston to her illiterate husband was not a natural or moral obligation within Civil Code Article 1758(4), and that this delivery was subject to the form of transfer by notarial act, was an error by the lower Court.
“2. The lower Court’s legal finding that the delivery of the bearer note to the appellant was not a negotiation of said note to the appellant, was an error by the lower Court.
“3. The lower Court’s legal finding that the appellant could not act as a holder of the note and enforce payment in his own name, was an error of the lower Court.”
Civil Code Article 1758(4) provides that there is a natural obligation on those who inherit an estate to execute the donations or other dispositions which the decedent made, but which were defective for want of form only. This codal provision is not applicable to a decedent. It is, as the article plainly states, applicable to heirs who inherit an estate and places a natural obligation upon them to honor from their inheritance the donations of the decedent which may be defective for want of form only. However, it has no application to acts of a decedent which are a nullity. Civil Code Article 1536 provides:
“An act shall be passed before a notary public and two witnesses of every donation inter vivos of immovable property or incorporeal things, such as rents, credits, rights or actions, under the penalty of nullity.”
Accordingly, we find no obligation on the part of the heirs to comply with a donation by a decedent which is a nullity as distinguished from one merely invalid for form.
The decedent gave the note in question to the plaintiff in 1974, prior to the effective date of the Commercial Laws, R.S. 10:1 et seq. Therefore, the transfer of the note was governed by the provisions of the Negotiable Instruments Law, R.S. 7:1 et seq., since repealed.
R.S. 7:30 provides:
*833 “An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof. If payable to bearer it is negotiated by delivery; if payable to order it is negotiated by the indorsement of the holder completed by delivery.”
A note, made payable to “myself” and endorsed in blank by the maker, is bearer paper which can be negotiated by delivery. R.S. 7:9, R.S. 7:30, First National Bank of Lafayette v. Gaddis, La.App., 250 So.2d 504 (3rd Cir. 1971). “Delivery” is the transfer of possession, actual or constructive from one person to another. R.S. 7:191. In this case the transfer occurred when the decedent gave the note to the plaintiff as a donation inter vivos. A negotiable instrument may be negotiated by gift as well as for value. Succession of McCrocklin, 242 La. 404, 137 So.2d 274 (1962). However, as was recognized by the Trial Judge, the donation inter vivos of a promissory note, an incorporeal movable, must be in authentic form or be subject to penalty of nullity. C.C. Art. 1536. Because the transfer was an attempt to make a manual gift of an incorporeal movable and was not in authentic form the transfer was a nullity and the note was not negotiated. McLaughlin v. Knox, La.App., 224 So.2d 491 (1st Cir. 1969). Therefore, the note was not negotiated and the plaintiff was not a “holder” of the note.
A “holder” is “the payee or indorsee of a bill or note, who is in possession of it, or the bearer thereof.” R.S. 7:191. “The holder of a negotiable instrument may sue thereon in his own name; and payment to him in due course discharges the instrument.” R.S. 7:51. “Payment is made in due course when it is made at or after the maturity of the instrument to the holder thereof in good faith and without notice that his title is defective.” R.S. 7:88. Payment in due course could not be made to the plaintiff because the defendants knew that the plaintiff’s title was defective in that it was acquired through a donation inter vivos subject to the penalty of nullity. Because payments made to the plaintiff would not be payments in due course which would discharge the note, the plaintiff was not a holder of the note. Therefore, the plaintiff can not recover the amount due on the note.
For the above reasons, the judgment appealed is affirmed. Costs to be paid by the plaintiff.
AFFIRMED.