WATKINS, Judge.
Emanuel Harrison died without issue on February 17, 1960. He had attempted to make an olographic will on December 15, 1955, which left certain immovable property in East Feliciana Parish to “John D. Harrison and his children”. John D. Harrison was the foster son of Emanuel Harrison, but had never been legally adopted. Emanuel Harrison was also survived by his second wife, Arie Jagers Day Harrison, and by siblings and descendants of deceased siblings, who are his legal heirs.
John D. Harrison petitioned to be appointed administrator of the Succession of Emanuel Harrison, and was duly appointed by order dated April 23,1960. He was later removed by judgment dated July 21, 1977, and replaced by Minor Harrison, Jr., by order likewise dated July 21, 1977. Minor Harrison, Jr., resigned as administrator, and Edward Knox was appointed administrator by order dated July 19, 1979.
Edward Knox in his capacity as administrator petitioned to sell the above mentioned immovable property by private sale to certain persons, including two of the legal heirs of Emanuel Harrison and certain individuals also surnamed “Knox”. The sale was duly advertised, and no opposition having been filed, an order directing that the property be sold by private sale to those persons for the sum of $51,750.00 was signed August 25, 1980.
On February 26, 1981, John D. Harrison filed a petition opposing the sale, which had not taken place. The petition alleges that *1061 John D. Harrison had obtained a transfer of the interests of certain legal heirs, namely Ada Harrison Johnson, Annie Bell Harrison Wallace, Cheles P. Harrison, Emanuel M. Harrison, James Harrison, Benjamin Harrison, Viola Harrison Faulkner, Catherine Harrison Vernon, Ida Harrison Knox, Aline George Green, Thelma George Payne, Wilbert George, and Daniel Harrison. The instrument allegedly transferring those interests, dated March 21, 1960, was annexed to the petition. John D. Harrison further opposed the sale on the ground that the property was worth substantially more than the proposed sale price of $51,750.00. In addition, John D. Harrison sought to be recognized as transferee of the above named heirs under the instrument of March 21, 1960. Thereafter, by amended petition filed September 9, 1981, John D. Harrison alleged that he had also purchased the interest of Ada Harrison Johnson in the “estate” of Emanuel Harrison by act of sale executed before a notary public and duly recorded in the conveyance records of East Feliciana Parish. The legal heirs of Emanuel Harrison filed answers to both petitions defending the proposed sale and denying that John D. Harrison had any interest in the Succession of Emanuel Harrison.
After trial, the trial court held that the purported transfer to John D. Harrison dated March 21, 1960, was invalid, null, and without legal effect. The judgment, however, upheld the validity of the sale from Ada Harrison Johnson to John D. Harrison. From this judgment, John D. Harrison appealed, seeking a reversal of that part of the judgment holding the instrument of March 21, 1960, unenforceable. We find the instrument dated March 21, 1960, to have been given in fulfillment of a natural obligation imposed upon the legal heirs of Emanuel Harrison, and to be legally binding.
The purported will of Emanuel Harrison is written in ink in longhand by someone other than Emanuel Harrison, and contains beneath the body of the will the name of Emanuel Harrison, likewise written in ink in the same handwriting. Below that is the signature of Emanuel Harrison, written in pencil. The pencilled signature of Emanuel Harrison is the only part of the instrument in the handwriting of Emanuel Harrison. The instrument reads in full as follows:
“Liberty, Miss.
Dec. 15, 1955
I, Emanuel Harrison of East Feliciana Parish, Louisiana, do make this my last will and testament, revoking all others, namely:
(1) I want all my just debts paid
(2) I give and bequeath my 100 acres in East Feliciana Parish to John D. Harrison and his children
(3) I also give and bequeath lot # 12 in Sq. # 2 of North Baton Rouge to John D. Harrison and his children
(4) I further give and bequeath lh of all my personal property to John D. Harrison and his children
This written, dated and signed in my own handwriting, at Liberty, Miss. Rt. # 2, in East Feliciana, State of Louisiana, this the 15 day of December, 1955.
Emanuel Harrison
Emanuel Harrison”
The instrument does not fit into any of the forms of wills permitted by Louisiana law. LSA-C.C. arts. 1574-1595. It comes closest to being an olographic will, but an olographic will must be entirely written, dated, and signed by the hand of the testator. LSA-C.C. art. 1588. That is not the case with respect to the instrument signed by Emanuel Harrison, as we have stated. The purported testament is therefore under the language of the Civil Code “null and void”. LSA-C.C. art. 1595. Also, if the will was confected in Mississippi, as the heading seems to indicate, it is not a holographic will, using common law terminology, and was not valid under the law of the place of execution.
The instrument described as being an instrument of transfer by certain legal heirs of Emanuel Harrison to John D. Harrison reads as follows:
“March 21, 1960
*1062 The undersigned presumptive heirs of Emanuel Harrison, deceased, are fully aware of the contents of a purported last will and testament made by Emanuel Harrison dated December 15, 1955; that same is not in the handwriting of Emanuel Harrison, but was signed by him and represents his wishes with regard to his estate. We, therefore, desire that the Court give full effect to said will as though it was fully written, dated and signed by Emanuel ■ Harrison as his legal will and testament, in consideration of the fact that John Harrison looked after him as his own child,
Aline George Annie Bell H. Wallace
Thelma G. Payne Catherine H. Vernon
Wilbert George E. M. Harrison
Cheles Price Harrison his
James Harrison (Bro.) Daniel X Harrison (Sister) Ida Knox Ada Harrison Johnson
Viola H. Faulkner Feb' 11
Benjamin F. Harrison" 72
The instrument is not in the form of an authentic act, which is necessary to effect a donation inter vivos of immovables or incorporeal things, such as an interest in a succession. LSA-C.C. art. 1536. However, if an instrument transferring an interest in immovables or in a succession is supported by a natural obligation, it need merely be in writing, as the natural obligation is the cause or consideration for the contract. LSA-C.C. art. 1759. In the present case, we find the instrument of transfer dated March 21, 1960, was supported by a natural obligation.
There are four kinds of natural obligations, which are set forth in LSA-C.C. art. 1758:
“1. Such obligations as the law has rendered invalid for the want of certain forms or for some reason of general policy, but which are not in themselves immoral or unjust.
2.Such as are. made by persons having the discretion necessary to enable them to contract, but who are yet rendered incapable of doing so by some provision of law.
3. When the action is barred by prescription, a natural obligation still subsists, although the civil obligation is extinguished.
4. There is also a natural obligation on those who inherit an estate, either under a will or by legal inheritance, to execute the donations or other dispositions which the former owner had made, but which are defective for want of form only.”
The transfer by the legal heirs of Emanuel Harrison to John D. Harrison fits into the fourth category.
In Breaux v. Breaux, 218 La. 795, 51 So.2d 73 (1951), the Louisiana Supreme Court stated that an oral agreement between a testator and a legatee under a valid will that the property in question would in turn be transferred to a third party constituted an attempted oral will. The attempted oral will, although invalid as to form, gave rise to a natural obligation which constituted sufficient cause or consideration for the transfer by the legal legatee to the third person (the oral legatee, if we may put it that way). On rehearing, the court refused to rescind the transfer that was made in fulfillment of a natural obligation. When considering a natural obligation, it would appear that even an oral will, as per Breaux, supra, will fit under the provisions of LSA-C.C. art. 1758(4). Also, we see from Breaux[1] that a will defective as to form creates a natural obligation, which constitutes sufficient cause or consideration for a new contract, as the Codal articles clearly provide. LSA-C.C. arts. 1758, 1759. Under the holding in Breaux, the will of Emanuel Harrison, defective as to form, created a natural obligation on the part of *1063 his legal heirs, which constituted sufficient cause or consideration for the instrument dated March 21, 1960, transferring the interests of those legal heirs who signed the instrument from themselves to John D. Harrison.
Accordingly, we reverse the judgment of the trial court, holding the instrument transferring the interests of certain of the heirs of Emanuel Harrison in that succession to John D. Harrison to be without effect, and hold the instrument and the transfers made thereby to be legally valid and enforceable, being supported by a natural obligation to give effect to the dispositions contained in the invalid will of Emanuel Harrison.
In all other respects, the judgment of the trial court is affirmed.
The case is remanded to close the succession.
REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.

. But see Houston v. McCoy, 351 So.2d 829 (La.App. 1st Cir.1977) for the proposition that a manual donation of an incorporeal movable “is a nullity as distinguished from one merely invalid for form.” 351 So.2d at 832. However, this language is only dicta as the precise holding in Houston v. McCoy, supra, is that a donee cannot enforce a manual donation of a promissory note. This would be true even if a natural obligation were present. Thus, any inapposite language is Houston v. McCoy, supra, is merely dicta and does not threaten our result in the instant case.