434 So.2d 613 (1983)
Effie Magee SAUCE, et al., Plaintiffs-Appellants,
v.
Archel E. WILLIAMS, Jr., et ux., Defendants-Appellees.
No. 83-101.
Court of Appeal of Louisiana, Third Circuit.
June 29, 1983.
*614 James L. Fortson, Jr., Shreveport, for plaintiffs-appellants.
Gahagan & Gahagan, Marvin F. Gahagan, Natchitoches, for defendants-appellees.
Before DOMENGEAUX, GUIDRY and YELVERTON, JJ.
YELVERTON, Judge.
This appeal is from a judgment dismissing an action to annul a conveyance of immovables. Plaintiffs, four of the children of George Magee, sought to annul a cash sale of immovables made by their deceased father to his son-in-law, Archel E. Williams, Jr., and his daughter, Linda Marie Williams, husband and wife, defendants herein, as being a simulation. The trial court found that it was a remunerative donation to recompense defendants for their services. Finding the reality of the conveyance thus established, and finding that there was compliance with the codal provisions regarding remunerative donations, the trial court upheld the conveyance and dismissed plaintiffs' suit. Plaintiffs appeal. We affirm.
Appellants contend that the services performed were no more than ordinary parent-child gratuities and were not appreciable in money, and therefore could not constitute adequate consideration for the act of conveyance of the property involved. They also contend that any services defendants rendered were offset by the benefits they received from the elder Magees. Based on these arguments appellants assign as error the trial court's determination that the conveyance was valid as a remunerative donation. We will discuss these contentions after first reciting the facts.
George and Delia Magee died in their old age in 1982 and 1980, respectively. They left 12 children, all majors. For many years before their deaths, they owned and lived in a small frame house on an acre of land about a mile from Campti in Natchitoches *615 Parish. In 1971 their son-in-law and daughter, the Williamses, moved their house trailer onto the acre and have lived there continuously since. On March 13, 1981, George Magee, then a widower, executed an act of cash sale for a recited consideration of $10,000 conveying to the Williamses his undivided one-half interest in the property. He died one year later.
After his death five of the children conveyed their undivided interest in their mother's share to the Williamses. Four other childrenEffie Marie Sauce, Katherine Magee Stockton, Shirley Magee Sauce and George Mageefiled the present suit attacking the above described sale as a simulation. In their answer to the suit the Williamses admitted that the recited consideration was not paid. They asserted that the consideration was actually intended as recompense for the services they rendered the aged couple during the decade prior to their deaths.
Eight of the children testified at the trial and another's testimony was received by stipulation. There was additional testimony given by other relatives and neighbors. The testimony dealt almost exclusively with the nature of the services rendered by the Williamses. After trial the district court rendered written reasons for judgment and we quote his factual conclusions as follows:
"The evidence proves that during the ten-year period when the defendants lived on the one acre plot with Mr. and Mrs. Magee, that the defendants paid many of Mr. and Mrs. Magees' bills; transported them on other occasions to pay their own bills; to purchase groceries; to receive medical treatment, and miscellaneous errands.
"The proof further shows that the defendants cut and provided fire wood; mowed the yard; constructed and added an additional room to the Magee home; did general repair and maintenance work in the Magee home; had a $1,600 water well drilled for their mutual benefit, with the defendants paying one-half of the expense; repaired a leaking roof on the Magee house; fixed plumbing in the Magee home, and trimmed limbs on the trees on the premises.
"The Court finds that the services rendered by the defendants are appreciable in money; were of great economic value, and that the care, assets and maintenance provided by the defendants went far beyond the usual parent-child gratuities."
Plaintiffs' attack on the judgment essentially asks us to find that the trial court's findings of fact are clearly wrong. Reasoning that the circumstances of the elder Magee remaining in possession of the property after the sale, together with defendants' admission of nonpayment of the recited price, created a presumption of simulation [La.Civil Code art. 2480; Succession of Pierson, 339 So.2d 1337 (La.App. 3rd Cir.1976)], plaintiffs argue that the defendants failed to overcome the presumption and sustain their burden of proving the validity of the transaction as a remunerative donation.
A trial court's findings of fact and credibility evaluations are entitled to great weight and will not be disturbed on appeal unless shown to be clearly wrong. Canter v. Koehring Company, 283 So.2d 716 (La. 1973). Based on our review of the record we are in agreement with the trial judge's factual conclusions. We also find that the results reached based on these facts are supported by the applicable law.
A remunerative donation is one the object of which is to recompense for services rendered. La.Civ.Code art. 1523. It is not a real donation if the value of the services to be recompensed thereby being expressed in money "should be little inferior to that of the gift." Article 1525. The relationship between the value of the services and the value of the gift is further explained by the succeeding Article 1526, which establishes the rule that the value of the object given cannot exceed by one-half that of the services. If the value of the object given does not exceed the value of the service by one-half, and it is found that the object of the transaction was to compensate for services rendered, then it is a remunerative donation and it is given effect *616 as a conveyance unhampered by the rules peculiar to real donations inter vivos.
Tested by these requirements, the conveyance here was properly found to be a remunerative donation. A party to an act may prove by parol evidence that consideration, although completely different from that recited in the act of sale, was in fact given. La.Civ.Code art. 2276; Bell v. Bell, 339 So.2d 1333 (La.App. 3rd Cir.1976). The Williamses testified that it was Mr. Magee's idea that he convey his interest in the property to them, and that it was also his idea to put the consideration down as $10,000. In addition to the facts mentioned by the trial court in the quotation from his written reasons above, we note that the elder Mrs. Magee was disabled by a stroke for a considerable length of time prior to her death and that Mr. Magee could not drive a vehicle for years before his death because of poor eyesight. These circumstances undoubtedly placed exceptional demands on defendants' time and services, and give added weight to the trial court's determination that the care and support provided the aged couple by defendants went far beyond the usual parent-child gratuities and were of great economic value. The trial court determined that it was the intent of Mr. Magee by means of the conveyance to compensate the defendants for services rendered. This conclusion is supported by the evidence.
Appellants' next contention is that the Williamses were the beneficiaries of free rent, many meals, and babysitting services given to them by the Magees, and that the benefits they received offset the services rendered by them to the Magees. True, the Williamses paid no rent, but the house trailer they occupied on the premises was their own. The fact that the families occasionally ate together at the Magees' house was evidently discounted by the trial court as having no substantial offsetting effect, financial or otherwise, when compared to the numerous services rendered to the old couple by the defendants. The trial judge apparently similarly evaluated the babysitting by Mrs. Magee several years ago for a relatively short time while her daughter worked. Our estimation of these minor benefits enjoyed by the Williamses is that they are insignificant when compared to the services rendered by them.
The final contention made by appellants is that the services are not appreciable in money. Since the trial court did not in its reasons for judgment make a determination as to the exact value of these services, we assume that this contention is more or less a restatement of the argument that the services were not extraordinary, were merely parent-child gratuities, and had no value. We have already answered that contention by finding that the trial court was correct in determining that the services were of "great economic value." We will make the additional observation that the failure of the trial court to calculate the exact value of the services or attempt to equate them in value with the consideration stated in the conveyance is of no moment in this case. We say this because there is no evidence in the record establishing the value of the deceased's half interest in the property which he conveyed to the Williamses. We could, perhaps, consider the $10,000 stated in the instrument of sale as the value which the parties themselves put on the half interest. If we do that, however, we are similarly required to use that figure as the value which the parties put on the services rendered, having found this to be a remunerative donation. On the other hand, if the property has another value than that stated in the conveyance, we do not know what it is and therefore we are unable to determine whether the value of the object given exceeds by one-half that of the services rendered, and there is thus no need to establish the exact value of the services. Unless there is a clear showing that the value of the thing exceeds by one-half the value of the services, the donation inter vivos articles do not apply. Bell v. Bell, supra. The burden of proof as to this fact, once defendants have overcome any applicable presumption, is always on plaintiffs. Bell, supra; Houston v. McCoy, 351 So.2d 829 (La. App. 1st Cir.1977); Fenger v. Cagnolatti, *617 292 So.2d 901 (La.App. 4th Cir.1974); See also Victorian v. Victorian, 411 So.2d 473 (La.App. 3rd Cir.1982).
For the reasons assigned, the judgment of the district court dismissing the suit of plaintiffs is affirmed. Appellants are to pay costs of this appeal.
AFFIRMED.