601 So.2d 669 (1992)
Nancy Nutting MARSHALL, Individually and as Natural Tutrix of the Minors, Jeffery Alan Marshall and Jamie Stanford Marshall
v.
CITICORP MORTGAGE INC., and Citicorp Person to Person Financial Center, Inc.
No. 91-CA-850.
Court of Appeal of Louisiana, Fifth Circuit.
April 15, 1992.
William D. Norman, Jr., New Orleans, for plaintiffs/appellants Nancy Nutting Marshall, et al.
Bennet S. Koren, Christopher C. Johnston, New Orleans, for defendants/appellees Citicorp Mortg. Inc., and Citicorp Person to Person Financial Center, Inc.
Before BOWES, WICKER and CANNELLA, JJ.
CANNELLA, Judge.
Appellant, Nancy Nutting Marshall, individually and as natural tutrix of the minors, Jeffrey and Jamie Marshall, appeals a judgment dismissing her suit against appellees, Citicorp Mortgage Inc. and Citicorp Person to Person Financial Center, Inc., for unconscionable acts under the Unfair Trade Practices and Consumer Protection Law (La.R.S. 51:1401 et seq.) and the Louisiana Consumer Credit Law (La.R.S. 9:3510 et seq.). The suit concerns a consumer credit loan with decreasing term life insurance. We reverse and render judgment accordingly.
*670 Appellant and her now deceased husband, William Marshall, executed a loan with appellee on January 9, 1980 for $23,522.56, secured by a $30,000 collateral mortgage. At that time the couple rejected credit life insurance.
On August 12, 1980, the Marshalls executed a new promissory note in the amount of $85,500.00. The new loan amount ($30,863.54) was composed of the sum of $23,687.86 (pay-off of the prior loan) and $5,050.68 (received in cash by the Marshalls) and $2,125 (premium for $25,000, 10-year, decreasing term, life insurance policy on Mr. Marshall). The interest (16.99% per annum) added-on to the new loan amount was $54,636.46. The loan term was for 180 months (fifteen years) and the monthly payments totalled $475.
On July 21, 1984 Mr. Marshall died. As a result of his death, on August 20, 1984, the proceeds of the life insurance policy, $15,208.49, was applied to the loan balance. These proceeds reflected a decrease in the original value ($25,000) of the policy at a rate of $208.33 per month. If the loan was paid off in full, using the "Rule of 78's" for the rebate of unearned interest, the balance was $35,002.97. When the insurance proceeds ($15,208.49) were applied, the pay-out was reduced to $19,794.48. On July 21, 1984, the loan balance, including the pre-computed interest, totalled $65,200.00. When the insurance proceeds ($15,208.49) were applied, the loan balance was reduced to $49,991.51.
Since the loan was not paid off by the insurance proceeds, appellant has continued to make the monthly payments, despite repeated unanswered requests to appellee about her balance. Then, in August 1989, she filed suit against appellees, asserting the transaction was unconscionable and constituted an unfair trade practice. Thereafter, on December 12, 1990, appellees filed a motion for summary judgment based on a joint stipulation of facts. Subsequently, on February 28, 1991, appellant also filed a motion for summary judgment based on the same stipulated facts. On March 7, 1991, the trial judge granted the appellees motion for summary judgment whereby appellant's motion was implicitly denied and her suit dismissed.
Appellant contends that the loan transaction was unfair under the Louisiana Consumer Credit Law (LCCL), La.R.S. 9:3510 et seq. and under the Louisiana Unfair Trade Practices and Consumer Protection Law, (Unfair Trade Practice Law), La.R.S. 51:1401 et seq. Appellant asserts that the loan herein was unfair and unconscionable because the use of the "Rule of 78's" on a long-term loan results in a negative amortization. When Mr. Marshall died, the pay-out was $4,000 more than the original loan amount and would remain higher for several more years. Further, she contends that her payment book reflected a $50,000 balance, which she did not understand, and for which she was unable to get an explanation from appellees. Also, she was unable to get a pay-out from appellees for several years, but only after a demand by her attorney in 1988. Appellant asserts that the purchase of the life insurance caused her to be in a worse position than had she not purchased the policy. She argues that she intended to buy "single credit life insurance" instead of declining insurance. While she does not dispute that the use of the "Rule of 78's" is valid under the law, she asserts that, in this case, no reasonable person would have agreed to purchase the life insurance, because it is essentially worthless.
The definition of what constitutes unfair trade practices is left to the courts. Dufau v. Creole Engineering, Inc., 465 So.2d 752 (La.App. 5th Cir.1985). The jurisprudence holds that to recover under the Louisiana Unfair Trade Practices Act, plaintiff must prove some element of fraud, misrepresentation, deception or other unethical conduct on defendant's part. Dufau v. Creole Engineering, Inc., supra; Unique Const. Co., Inc. v. S.S. Mini Storage, Inc., 570 So.2d 161 (La.App. 5th Cir. 1990). That conduct includes acts which offend established public policy and/or acts which are immoral, unethical, oppressive, unscrupulous or that are substantially injurious to the consumer. Gautreau v. Southern Milk Sales, Inc., 509 So.2d 495 *671 (La.App. 3rd Cir.1987); Crown Buick, Inc. v. Bercier, 483 So.2d 1310 (La.App. 4th Cir.1986). Mere negligence is not sufficient to constitute an unfair trade practice. Pizzaloto v. Hoover Co., 486 So.2d 124 (La.App. 5th Cir.1986). However, a legal practice may be an unfair trade practice, depending on the facts and circumstances of the particular case. Bank of New Orleans & Trust Co. v. Phillips, 415 So.2d 973 (La.App. 4th Cir.1982).
La.R.S. 9:3516(30) of the LCCL, in effect at the time this transaction was entered into, now R.S. 9:3516(36), defines "unconscionable" under the La. Consumer Credit Law and limits its application as follows:
"Unconscionable". A contract or clause is unconscionable when at the time the contract is entered into it is so onerous, oppressive or one-sided that a reasonable man would not have freely given his consent to the contract or clause thereof in question; provided, however, for the purposes of this chapter, an agreement, clause, charge or practice expressly permitted by this chapter or any other law or regulation of this state or of the United States or subdivision of either, or an arrangement, clause, charge or practice necessarily implied as being permitted by this chapter or any other law or regulation of this state or the United States or any subdivision of either is not unconscionable.
In the Remedies and Penalties section, R.S. 9:3551, the limitation of the application of unconscionable acts is reiterated verbatim.[1]
The use of the "Rule of 78's", otherwise known as the "Sum of Digits", method of loan rebates upon prepayment of a loan is provided for in La.R.S. 9:3528, (redesignated in 1986 as La.R.S. 9:3532). Likewise, in consumer credit transactions the offering and use of decreasing credit life insurance for an amount less than the full amount of a loan, is a permitted practice. La.R.S. 9:3542, (now La.R.S. 9:3542(B)). Thus, as asserted by appellee, the use of the Rule of 78's in rebating pre-calculated finance charges or the use of decreasing credit life insurance for less than the loan balance is not unconscionable per se. However, despite their legality, the combination of the two procedures can be unconscionable as applied.
In our analysis of the case, we note that appellant and her husband signed a document (Insurance Notice to Loan Applicant) opting for the insurance. That document states the amount ($25,000) and term (120 months) of the policy, and describes the type of insurance only as "credit life". It does not mention the decreasing nature or decreasing amount anywhere on the signed document. Neither does it disclose that the insurance proceeds would not decrease in reasonable proportion to the balance on the debt, but would drop to "zero" in 10 years, while the balance on the loan would last considerably longer (5 years more). Furthermore, it did not apprise appellant that the application of the insurance proceeds to the loan is automatic, regardless of the purchaser's wishes.
We find the result here to be unconscionable under the LCCL because a reasonable man, who knew the above results, would not have purchased and financed this life insurance. We further find that it violates the Unfair Trade Practices law because of the misrepresentation (lack of notification) in the Insurance Notice to Loan Applicant document. Since there was no meeting of the minds, appellant is not bound by the life insurance portion of the loan. While we recognize that appellee asserts that appellant knew of the effect of the insurance based on a "Certificate" sent to the parties following execution of the option, we find that the later receipt of the certificate is insufficient to adequately inform appellant *672 and her husband of its effects or to constitute or create a subsequent agreement.
A person who suffers any ascertainable loss of money or movable property as a result of an unfair or deceptive trade practice may bring a private action to recover actual damages. La.R.S. 51:1409. With respect to a consumer credit transaction, if the court finds the complained of act to be unconscionable, under the LCCL, it "may refuse to enforce the agreement, or it may enforce the remainder of the agreement without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result ..." La.R.S. 9:3551.
Therefore, this court refuses to enforce the obligation of appellant to pay the life insurance terms of the loan agreement since it was found to be unconscionable. We find appellant is entitled to an award of $7,540.56. That amount compensates appellant for her policy premium ($2,125) and interest, 16.99% per annum, on the premium for 15 years ($5,415.56). Since appellant did receive the benefit of the policy proceeds ($15,208.49), we do not find that she is entitled to recover that amount.
Accordingly, the trial court judgment is hereby reversed and appellant's Motion for Summary Judgment granted in part.
Therefore, this court refuses to enforce the obligation of appellant to pay the life insurance terms of the loan agreement since it was found to be unconscionable. Further, it is ordered that there be judgment in favor of Nancy Nutting Marshall, individually and as natural tutrix of the minors, Jeffrey Alan Marshall and Jamie Standford Marshall, and against Citicorp Mortgage Inc. and Citicorp Person to Person Financial Center, Inc. in the amount of $7,540.56, plus legal interest thereon from date of judicial demand, until paid, and for all costs of these proceedings, both in the trial and appellate courts.
REVERSED AND RENDERED.
NOTES
[1] R.S. 9:3551 provides in pertinent part:

"... provided, however, for the purposes of this chapter, an agreement, clause, charge or practice expressly permitted by this chapter or any other law or regulation of this state or of the United States or subdivision of either, or an agreement, clause, charge or practice necessarily implied as being permitted by this chapter or any other law or regulation of this state or the United States or any subdivision of either is not unconscionable."